**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2440
_____

BYRON CULCAY GUINANZACA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(A205-753-462)
Immigration Judge: Annie S. Garcy
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
On June 5, 2023

Before: HARDIMAN, AMBRO, and FUENTES, *Circuit Judges*

(Filed: June 7, 2023)

_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

Byron Culcay Guinanzaca petitions for review of a Board of Immigration Appeals

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

decision rejecting his application for asylum, withholding of removal, and deferral of removal under the Convention Against Torture. We will deny the petition.

I

Culcay Guinanzaca is a native and citizen of Ecuador who entered the United States unlawfully in 2010. The Department of Homeland Security brought removal proceedings against him in 2013 after his conviction for a state-law offense. Culcay Guinanzaca conceded his removability and applied for asylum, withholding of removal, and CAT protection. His counsel later conceded that he was time-barred from seeking asylum.

At a merits hearing, Culcay Guinanzaca testified that he joined Ecuador's army at age 18. He received weapons-handling or ballistics training, earned a license for auto mechanic work, obtained a military identification card for employment in a bank or the security services, and retired as an active reserve soldier. After his discharge, a criminal drug-trafficking gang urged him to join the outfit or suffer the consequences. The gang knew that Culcay Guinanzaca had served in the military because he had done community service while in uniform, and they wanted him to join because he knew how to handle weapons. He refused. More encounters followed. After he reported one incident to the police, the gang attacked him, leaving him "beaten" and "unconscious." AR 246. Worried that his life was in danger, Culcay Guinanzaca fled to another city to recover and soon thereafter left for the United States.

During the hearing, the Immigration Judge asked counsel for evidence corroborating Culcay Guinanzaca's testimony that he had served in the military. Culcay

2

Guinanzaca's counsel said he didn't have evidence available, but that Culcay Guinanzaca had brought Spanish documents to the hearing. Counsel moved orally for a continuance to translate and submit the materials. The IJ denied the motion because Culcay Guinanzaca had not shown diligence in collecting evidence to support his case.

The IJ then denied Culcay Guinanzaca's application. She found that Culcay Guinanzaca had failed to corroborate material parts of his claim, such as that he served in the military and was beaten by the gang. And she found that Culcay Guinanzaca had failed to prove both that he was persecuted for membership in a particular social group—rather than for "his refusal to join" the gang, AR 60—and that Ecuador's government would be responsible for the harm he feared. The IJ ordered Culcay Guinanzaca removed to Ecuador.

Culcay Guinanzaca appealed to the Board of Immigration Appeals. He sought reversal of the IJ's decisions denying him a continuance, withholding of removal, and CAT protection. He also sought termination of proceedings because his notice to appear (NTA) omitted the date and time of his first hearing. The Board dismissed his appeal. It held that a defective NTA does not strip the IJ of jurisdiction and that Culcay Guinanzaca had forfeited any argument that the defective NTA violated a claim-processing rule by failing to raise it before the IJ. The Board then denied Culcay Guinanzaca's request for a continuance because he had failed to diligently prepare his case or prove that the new evidence would be material. Last, the Board rejected Culcay Guinanzaca's merits arguments. The Board, assuming that Culcay Guinanzaca had testified credibly and that no corroboration issues existed, held that he had not established either a nexus between

3

his putative persecution and a protected ground or that Ecuador's government would consent to or acquiesce in his torture at the gang's hands.

Culcay Guinanzaca timely appealed.

II[1]

Culcay Guinanzaca argues that the Board erred by not terminating the proceedings. He says his NTA's omission of the date and time of his first hearing flouts 8 U.S.C. § 1229(a)(1)(G)(i)'s claim-processing rule, his objection to that breach was timely, and the omission prejudiced him. Assessing his arguments de novo, we reject them. *See Chavez-Chilel v. Att'y Gen.*, 20 F.4th 138, 142 & n.3 (3d Cir. 2021). The NTA's omission was harmless: Culcay Guinanzaca received proper notice of a preliminary master calendar hearing; the IJ gave Culcay Guinanzaca's counsel the correct merits hearing date and time at a second preliminary hearing; Culcay Guinanzaca's notice of hearing included the correct merits hearing date and time; and Culcay Guinanzaca contested the charge against him and supported his case with evidence. He appeared at every scheduled hearing, represented by counsel. Termination is unwarranted under these circumstances. *See Chavez-Chilel*, 20 F.4th at 144 (holding a defective NTA harmless when it did not impede petitioner's ability to contest charges or present evidence).[2]

---

[1] 8 U.S.C. § 1252(a)(1) governs our jurisdiction. The Board had jurisdiction under 8 C.F.R. § 1003.1(b)(3) and 8 C.F.R. § 1240.15.

[2] After we decided *Chavez-Chilel*, the Board held that an applicant who timely objects to a defective NTA need not show prejudice. *Matter of Fernandes*, 28 I&N Dec. 605, 613 (BIA 2022). For two reasons, we don't decide here whether we must defer to *Fernandes*. *See Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005). First, *Fernandes* decided "whether prejudice must be shown to establish that a

4

III

On the merits, Culcay Guinanzaca contests the Board's rejection of his application for asylum, withholding of removal, and CAT protection. We address each claim in turn.

A

Culcay Guinanzaca says the Board erred in rejecting his asylum application. Though Culcay Guinanzaca applied for asylum, his counsel later conceded before the IJ that the application was time-barred, and we agree: Culcay Guinanzaca applied over three years after his arrival in the United States but the law requires filing within a year. *See* 8 U.S.C. § 1158(a)(2)(B).

B

Culcay Guinanzaca also says the Board erred in rejecting his application for withholding of removal. But substantial evidence supports the Board's finding that Culcay Guinanzaca failed to prove a nexus between the harm he fears and his particular social group (PSG). *See Thayalan v. Att'y Gen.*, 997 F.3d 132, 138 (3d Cir. 2021). Culcay Guinanzaca's proposed PSG is "military soldiers" or "former military soldiers whom organized crime groups or organizations target for recruitment." Culcay Guinanzaca Br. 10. Yet the harm Culcay Guinanzaca suffered at the gang's hands was retaliation for his resistance to recruitment, not maltreatment for his military membership. Culcay

---

claim-processing violation occurred," not whether termination is proper absent prejudice. 28 I&N Dec. at 612. But DHS concedes the violation here, and Culcay Guinanzaca seeks termination. Second, Culcay Guinanzaca's objection was untimely. *See id.* at 610–11. He did not assert the claim-processing violation until over seven years after pleadings before the IJ concluded and almost nine years after he was served with the defective NTA.

5

Guinanzaca testified that the gang beat him "because [he] had already denied" their solicitations "so many times," AR 114; that they would "finish" him "*if [he] didn't comply with them.*" AR 145 (emphasis added). And he explained that the gang wanted to recruit—not harm—him because of his military training. Nothing in the record compels a contrary conclusion about the gang's motives. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1694 (2020). So Culcay Guinanzaca was not entitled to withholding of removal.

C

Culcay Guinanzaca's final merits argument is that the Board erred in denying his application for CAT protection. The Board found that Culcay Guinanzaca failed to show that a public official would consent to or acquiesce in torture. *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017). Reviewing de novo, we see no error in that legal conclusion. Culcay Guinanzaca says the Ecuadorian government "knows [he] will suffer [harm], but will knowingly look the other way." Culcay Guinanzaca Br. 13. But no record evidence supports this assertion. The criminal gang had no connection to the government. Though Culcay Guinanzaca did testify that the gang beat him after hearing he had reported its coercive invitation to the police, he did not say what he told the police, what the police told him, or what efforts (if any) the police took to prevent or respond to the beating. In fact Culcay Guinanzaca did not mention the police report in his I-589 application or his direct testimony. And none of the documentation he filed in support of his application suggests that Ecuador's police would consent to or acquiesce in his torture by a criminal drug-trafficking enterprise. So his CAT claim fails.

## IV

Last, we reject Culcay Guinanzaca's argument that the Board violated his due process rights by declining to grant a continuance to translate and file corroborating evidence. That documentation allegedly verified that Culcay Guinanzaca had served in Ecuador's army and that the gang had threatened his life. But that evidence makes no difference. The Board assumed that Culcay Guinanzaca had testified credibly and that no corroboration issues existed, and we have done the same in our merits review. So Culcay Guinanzaca cannot show that the Board's denial of his request for a continuance "substantial[ly] prejudice[d]" his proceedings. *Freza v. Att'y Gen.*, 49 F.4th 293, 298 (3d Cir. 2022) (cleaned up). His due process claim fails for that reason. *See id.*

\*　　\*　　\*

For the reasons given, we will deny the petition.